Higinio Alvarez VALDES, Plaintiff-
Appellant,

v.

KAROLL'S, INC., Defendant-Appellee.

No. 12829.

United States Court of Appeals
Seventh Circuit.

April 26, 1960.

Lawrence P. Hickey, Burton H. Young, Sebastian Rivera R., Chicago, Ill., for appellant. Young & Hickey, Chicago, Ill., of counsel.

Donald N. Berchem, Michael J. Thuma, Berchem, Schwantes & Thuma, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, SCHNACKENBERG and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This diversity action was brought in the district court by Higinio Alvarez Valdes, a citizen and resident of Cuba, plaintiff-appellant (plaintiff), against Karoll's Inc., an Illinois corporation, defendant-appellee (defendant), seeking recovery of damages for personal injuries sustained by plaintiff caused by defendant's alleged negligence. The case was tried to a jury which returned a verdict of $7,500 in favor of plaintiff, and judgment was entered thereon.

During trial and at the close of plaintiff's evidence, and again at the close of all the evidence, defendant moved for a directed verdict in its favor. The trial court reserved its ruling on both motions. After judgment defendant moved, by way of motion for judgment notwithstanding the verdict, that the court rule on

defendant's two motions for directed verdict, vacate the verdict of the jury and judgment entered thereon, and enter judgment for defendant notwithstanding the verdict of the jury. The trial court granted defendant's motion and entered judgment for defendant. It is from this judgment that plaintiff now appeals.

The trial court assigned as grounds for granting defendant's motions and entering judgment for defendant n. o. v., *inter alia*, that the "evidence and the manifest weight thereof clearly failed to show that the defendant was guilty of any [causal] negligence"; that "plaintiff failed to prove by a preponderance of the evidence that the defendant was guilty of negligence"; and that plaintiff failed to prove his freedom from contributory negligence. Plaintiff urges that the trial court erred in substituting its judgment for that of the jury.

The test to be applied here is whether in the record before us there was sufficient evidence of defendant's negligence and plaintiff's freedom from contributory negligence to warrant the submission of those questions for determination by the jury.

It is well settled that in reviewing the ruling of a trial court on a motion for judgment notwithstanding the verdict, the standards required by that motion are the same as those raised by a motion for a directed verdict. Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147. We must determine whether the evidence justifies submission of the case to the jury. Lambie v. Tibbits, 7 Cir., 1959, 267 F.2d 902, 903. Such a motion should be denied "where the evidence, along with all inferences to be reasonably drawn therefrom, when viewed in the light most favorable to the party opposing such motion, is such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions." Smith v. J. C. Penney Company, 7 Cir., 1958, 261 F.2d 218, 219. We have reiterated these rules in the two recent cases of Kropp Forge Company v. Globe

Indemnity Corporation, 7 Cir., 275 F.2d 539, and Hardware Mutual Casualty Company v. Chapman, 7 Cir., 1959, 272 F.2d 614.

We have examined the record and find that testimony most favorable to plaintiff describes the following circumstances surrounding the accident in question. Plaintiff, 66 years of age, had arrived in Chicago, Illinois, as a visitor from Cuba en route on a tourist excursion through the United States and Canada. He did not speak or understand the English language. On the morning following his arrival, plaintiff was walking north on State Street and saw a shirt displayed in the show window of defendant Karoll's Men's Store. He entered the store for the purpose of considering the purchase of the shirt.

Defendant's retail store, a men's clothing establishment, is located at 36 North State Street, at the southwest corner of State and Washington Streets in Chicago. The east entrance into the store is a revolving door on the State Street side. The diameter of the door is six feet, six inches. An aisle in the store extends westward from the opening of this door. Immediately inside this revolving door a stairway in the store descends at a right angle to the south of the door opening. The top of the stairwell is one foot ten inches from, and to the south of, the door opening. This would be to the left of one entering the store through the revolving door. The inward projection of the revolving door extends about one-fourth of the way across the width of the stairway. Show windows displaying defendant's merchandise face on State Street extending south of the entrance door and adjacent to the descending stairway.

The stairwell is four feet, four inches wide and descends one flight from the main floor of the store to the basement level. Handrails are fixed to the wall on each side of the descending stairway. There are protective traction treads in the surface of the main floor adjacent to the top of the stairs and also on the steps of the stairs. There is no gate or

protective closure across the entrance at the top of the stairwell, and no signs indicate its location.

Plaintiff entered the store through the revolving door, took two short steps into the store and saw one of defendant's salesmen standing in the aisle ahead. Plaintiff stopped at this point and faced the salesman who was about four or five steps away. Plaintiff had not seen the stairs. He called, "Mister", to the salesman and pointed back to the shirt in the store window with his right hand. Nothing more was said; the salesman walked toward plaintiff and the shirt on a line between plaintiff and the revolving door entrance. Plaintiff took one step back (toward the top of the stairwell behind him) to let the salesman pass in front of him, and in so doing stepped into the open stairwell and fell backward down the stairs.

As a result of his fall, plaintiff was seriously injured and had extended hospital care and medical treatment in Chicago and Cuba.

Defendant did not file a motion for a new trial and makes no complaint about the amount of the recovery, if liable. Consequently, we are not concerned on this appeal with questions relating to the manifest weight or preponderance of the evidence. Defendant's brief recites the evidence of the salesman which contradicts plaintiff's testimony on certain points. However, we are not called upon to resolve such factual disputes, but must look only to the evidence in the light most favorable to plaintiff.

Plaintiff introduced into evidence a number of photographs showing clearly the scene of the accident and all of its pertinent physical factors, as well as a diagram of the floor plan of the store at the place of occurrence.

The complaint charged that defendant negligently "maintained an open stairway descending at and adjoining the aforesaid store entrance and display window"; that it negligently "permitted said open stairway to be unguarded without warning signs or precautionary devices"; and that it negligently failed to caution or warn plaintiff of the stairwell through its salesman at the scene of the accident.

■■■ We have considered the many stairway accident cases cited by each party. The rules they stand for are largely undisputed. It is clear that the maintenance of an interior stairway in a retail store is not negligence *per se*. However, it was for the jury to determine whether the maintenance of the stairway in the instant case, located where it was in relation to the revolving door entrance, without a guard or closure across its opening at the top, together with the conduct of its employee upon being addressed by plaintiff, constituted actionable negligence.

Upon our review of the record under the standards announced, we hold that there was sufficient evidence to take the case to the jury on this question. We cannot say that "there was a complete absence of evidence of negligence on the part of defendant" as defendant would have us do.

Further, our review of the record and the cited authorities compels a holding that the jury could properly conclude that plaintiff acted with reasonable care for his own safety under the circumstances of this case. We are not warranted in holding plaintiff guilty of contributory negligence as a matter of law. See, Giliberto v. Yellow Cab Co., 7 Cir., 1949, 177 F.2d 237, 239.

We hold that the trial court erred in setting aside the verdict of the jury and in entering judgment for defendant notwithstanding the verdict.

The judgment of the district court is reversed, and this cause is ordered remanded with instructions to the district court to vacate its order granting defendant's motion for judgment notwithstanding the verdict and entering judgment thereon for defendant.

Reversed and remanded.