**Joyce WIELOCH, Plaintiff-Appellant,**

v.

**ROGERS CARTAGE COMPANY, a corporation, Defendant-Appellee.**

**No. 13197.**

United States Court of Appeals
Seventh Circuit.
May 8, 1961.

John C. Mullen, Chicago, Ill., for appellant.

Cornelius J. Harrington, Jr., James E. Beaver, David Jacker, John M. O'Connor, Jr. (of Kirkland, Ellis, Hodson, Chaffetz & Masters), Chicago, Ill., for appellee.

Before SCHNACKENBERG and KNOCH, Circuit Judges, and MERCER, District Judge.

SCHNACKENBERG, Circuit Judge.

Joyce Wieloch, plaintiff, sued Rogers Cartage Company, a corporation, defendant, in a diversity action, for damages alleged to be due to the negligence of

defendant. A jury returned a verdict for $6,000 in favor of plaintiff, but the district court refused to enter judgment thereon and, on defendant's motion, entered judgment for defendant notwithstanding the verdict. Plaintiff has appealed.

There was evidence tending to prove the facts which we now summarize.

Plaintiff, a 24-year-old housewife, on January 27, 1958, about 6:15 p. m., was injured while driving her Nash car in a westerly direction on the Kingery Expressway near Hammond, Indiana. Plaintiff had entered the Expressway over a mile east of where the collision took place. She pulled up behind and then passed defendant's truck which consisted of a cab, a tandem trailer, and a third trailer unit known as a "pup". She then found the road very icy and she went on at a low rate of speed in front of the truck. She could see well, and her right wheel was near the north edge of the pavement. She proceeded westward for a mile at an even rate of speed of 20 miles per hour with the truck about 200 to 300 feet behind her. A Buick car in the lefthand lane, overtook both the truck and the Nash, cut directly in front of her and signaled to turn right at the Calumet Avenue turnoff. Calumet Avenue runs northerly and southerly and crosses Kingery Expressway by means of an overpass. Westbound traffic can leave the Expressway at Calumet Avenue by means of a turnoff starting some 800 feet east of the overpass.

Plaintiff applied her brakes lightly after the Buick traveled into her lane, in order to avoid hitting him. Her car started to slide and turned around, coming to a stop completely off the north edge of the roadway where there was a shoulder and facing in an easterly direction. The Nash did not come in contact with the Buick, which did not stop. Plaintiff saw defendant's truck coming from the east still at about the same rate of speed, about 300 feet to the east. It continued westbound until it got about.

three car lengths from plaintiff's position and when it had almost reached there the cab and the first tandem turned out to the middle of the road, and the last section of the vehicle jackknifed or went into a skid off the highway and whipped into the front end of plaintiff's car, causing extensive damage. The truck continued on after the impact and stopped some 900 feet west of the point of impact.

Defendant's driver, Thomas Wood, testified that for about a mile on the Expressway he followed plaintiff 200 to 350 feet behind, at about her speed; that he did see the brake lights flash on the Buick and that he touched his brakes very lightly and moved into the lefthand lane to go around the Nash; that it took him about 200 feet to get stopped. When he moved into the left lane to go around the Nash, he heard a crash and knew they had a point of contact. He was then traveling in the left lane, the Nash being in the righthand lane but still in motion, spinning.

Police officer Betustak stated that, when he arrived at the scene, plaintiff's car was partially on the pavement of the expressway, facing north in the righthand lane of traffic. Another officer testified that part of it was off the highway and part of it was on.

 We agree with defendant that the law of Illinois, being the law of the forum, governs the propriety of the ruling of the district court in entering the judgment from which the appeal has been taken and that therefore the burden was upon plaintiff to prove that she was not guilty of contributory negligence as a matter of law and also that defendant was guilty of negligence which proximately caused her injuries.

 We have said, in Valdes v. Karoll's, Inc., 277 F.2d 637, 638,—

"that in reviewing the ruling of a trial court on a motion for judgment notwithstanding the verdict, the standards required by that motion are the same as those raised by a motion for a directed verdict.

Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147. We must determine whether the evidence justifies submission of the case to the jury. Lambie v. Tibbits, 7 Cir., 1959, 267 F.2d 902, 903. Such a motion should be denied 'where the evidence, along with all inferences to be reasonably drawn therefrom, when viewed in the light most favorable to the party opposing such motion, is such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions.' Smith v. J. C. Penney Company, 7 Cir., 1958, 261 F.2d 218, 219. We have reiterated these rules in the two recent cases of Kropp Forge Company v. Globe Indemnity Corporation, 7 Cir., 275 F.2d 539, and Hardware Mutual Casualty Company v. Chapman, 7 Cir., 1959, 272 F.2d 614."

■■ We hold that the facts appearing in the evidence in this record are such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions, including findings that the plaintiff was in the exercise of due care for her own safety and that the defendant's driver was guilty of negligence proximately contributing to the accident. It was therefore error for the district court to enter the judgment from which this appeal has been taken. That judgment is hereby reversed and this cause is remanded to the district court for the entry of a judgment for plaintiff, on the verdict of the jury, *nunc pro tunc* as of July 26, 1960.

■■ We have now disposed of the pending appeal from the only final order or judgment entered by the district court in this case. However, it appears that the judgment which we now reverse was entered upon defendant's motion for judgment notwithstanding the verdict *or in the alternative to set aside the verdict and grant the defendant a new trial.* The district court, according to the record, orally gave his reasons for his decision, stating that "in the event there should be an appeal and this should be reversed, in my judgment there should be a new trial * * * *".

If it should be assumed that the judge intended to express his future intention to grant a new trial if this court reversed the judgment of the district court, the fact remains that there is no basis for our reviewing by appeal an action of a court which has not been taken, even though the judge now states his plan to so act in the future. Our jurisdiction cannot be exercised to meet a contemplated problem.

Moreover, there has been no compliance with 28 U.S.C.A. § 1292(b), governing appeals from interlocutory orders, and therefore we have no jurisdiction to pass upon the district court's ruling as to a new trial. Therefore, insofar as plaintiff in her notice of appeal purports to appeal from an "oral order conditionally granting defendant a new trial", said appeal is dismissed.

In part reversed and remanded with instructions, and in part appeal dismissed.