**Wasyl ILNICKI, Plaintiff-Appellee,**

v.

**MONTGOMERY WARD COMPANY, Defendant-Appellant.**

**No. 15741.**

United States Court of Appeals
Seventh Circuit.

Dec. 1, 1966.

Rehearing Denied Jan. 11, 1967.

---

Arthur A. May, Thomas H. Singer, South Bend, Ind., for appellant.

David L. Matthews, South Bend, Ind., Charles J. LaSata, Niles, Mich., for appellee.

Before HASTINGS, Chief Judge, MAJOR, Senior Circuit Judge, and SCHNACKENBERG, Circuit Judge.

MAJOR, Senior Circuit Judge.

This diversity action was instituted by plaintiff to recover damages for personal injuries sustained in the course of operating a rotary power lawn mower purchased from defendant on or about August 6, 1962.

Plaintiff's complaint consisted of four counts, the first based upon negligence, the second upon express warranty, the third upon implied warranty and the fourth upon the theory of strict liability. In this count it was alleged that defendant sold plaintiff a lawn mower which was in a defective condition or unreasonably dangerous. Defendant by answer denied liability under each and all of the counts and asserted certain affirmative defenses which, in the present posture of the case, appear to be immaterial.

The case was tried to a jury, and at the conclusion of plaintiff's case the court directed a verdict in favor of defendant on the second count (express warranty). The jury found in favor of defendant on the first count (negligence), as well as on the third count (implied warranty). It found in favor of plaintiff on the fourth count (strict lia-

bility). Upon this verdict the court rendered judgment in favor of plaintiff, from which defendant appeals. Subsequent to the rendition of such judgment, the court denied the usual post-trial motions interposed by defendant.

The sole contentions advanced here as grounds for reversal are: (1) the evidence was not sufficient to sustain the jury's finding that there was a defect in the power mower which proximately caused plaintiff's injuries; (2) the court erred in denying the motion for a new trial on defendant's contention that the verdict was inconsistent, in violation of the court's instructions and contrary to law, and (3) the court erred in its refusal to give defendant's proffered instruction No. 12.

Defendant cites two recent decisions of this court, Hurley v. Beech Aircraft Corp., 7 Cir., 355 F.2d 517, and Dagley v. Armstrong Rubber Co., 7 Cir., 344 F.2d 245, in support of its contention that under the theory of strict liability plaintiff must prove that the product contained a defect which was the proximate cause of his injury. The contention is not relevant for the reason that the instant case was pleaded and tried on that theory. Count 4 alleged that the lawn mower was in a defective condition or unreasonably dangerous, and the court instructed the jury, " * * * under this legal paragraph 4 of plaintiff's complaint, the burden is upon the plaintiff to prove by a fair preponderance of all of the evidence, that the lawn mower in question sold by the defendant to the plaintiff was in a defective condition and by reason thereof unreasonably dangerous to the plaintiff, and as a proximate result of which the plaintiff suffered his alleged injuries."

In response to the contention that the evidence was not sufficient to sustain the jury finding that there was a defect in the mower which proximately caused plaintiff's injuries, it is well to keep in mind that here the evidence must be considered in the light most favorable to plaintiff. Also, the rule as often reiterated is, "It is not for this court to decide whether we, if the trier of the facts, would reach the same or a different result from that reached by the jury upon the factual issue of liability. Our inquiry extends no further than to determine if the evidence was such as to present a jury issue." Gahimer v. Virginia-Carolina Chemical Corp., 7 Cir., 241 F.2d 836, 843.

Thus, for our purpose, a brief statement of the facts will suffice. Plaintiff had previously owned and operated a power lawn mower which was started by the use of a recoil starter or, as plaintiff described, one started with a "string." In the first part of August, 1962, he purchased from defendant the same type of rotary power lawn mower, except that it started with an impulse or spring starter which was wound by a crank. A button was located on the left side of the mower and, when turned to the left, released the spring which started the mower. The day after purchasing the mower, plaintiff started it and found it was cutting the grass too high. He turned off the motor so that he could lower the blades, which could be done only by lowering the wheels. After he stopped the mower, he cranked the spring starter two or three times, lowered the left rear wheel and started to lower the left front wheel. When he placed his left hand under the mower to lift it upon its side, for some reason not known to plaintiff the blades suddenly rotated, inflicting the injuries of which he complains.

Plaintiff was of Polish descent, had been in this country for some sixteen years and had difficulty in understanding or speaking the English language. He purchased the mower from a Mr. Rice, an employee of defendant. He received no oral warning or instruction booklet which ordinarily went with a mower, and particularly no instructions regarding the raising and lowering of the wheels. He testified that he was not told and did not know that he should not wind the spring starter before lowering the wheels.

Some of the defects suggested by plaintiff were the failure to have (1) a

remote control starting switch on the handle, (2) a protective housing covering the starter knob, (3) a protective shroud over the moving blade and (4) the blades located farther from the bottom of the metal housing.

Plaintiff's expert witness testified that the rotating metal knife was too close to the bottom or opening of the metal housing; that the rotating blade in a power mower should be about an index finger length above the bottom but in this mower it was only an inch above, and that most mowers have a shroud, a piece of metal almost like a fence, "so you can't possibly get your fingers or foot caught in the thing." Referring to the shroud of the mower in suit he stated, "This here is setting up pretty high, and you can almost get your feet in there the way it is now." He also testified in effect that a remote control switch placed on the handlebars would have obviated the likelihood of coming in contact with the starter button. Even defendant's expert admitted that it would be advisable to place the release of the impulse type starter high up on the handle where the operator could safely start the engine from behind the mower and in a standing position.

We hold that the evidence was sufficient to present a submissible issue and to support the jury's finding that the mower was defective in one or more of the respects alleged. See Trowbridge v. Abrasive Co. of Philadelphia et al., 3 Cir., 190 F.2d 825, 828.

On the second contested issue, defendant states "that the action of the jury in finding for the defendant on count three of the plaintiff's amended complaint [implied warranty] and against the defendant on count four of the defendant's amended complaint [strict liability] constituted an inconsistent verdict and one that is contrary to the law of the State of Indiana and to the law as adopted by this Circuit Court of Appeals and that the trial court, therefore, erred in overruling the defendant's motion for new trial." Defendant's argument is predicated on a statement contained in the court's charge to the jury. Referring to implied warranty and strict liability, the court stated, "In the opinion of the court, these two terms are used interchangeably." Following this statement the court proceeded at length to define and distinguish between the two theories. One distinction made was that on the implied warranty count it was necessary for plaintiff to prove that the buyer relied on the seller's skill or judgment in the selection of the goods purchased. In contrast, on the strict liability count the court charged, "Any person who sells a product in a defective condition which is unreasonably dangerous to the user or consumer, is subject to liability for any physical harm which is proximately caused by such defective or dangerous condition."

■ No question is raised as to the correctness of the court's charge in respect to the point under consideration and we assume that it properly stated the law. Notwithstanding the remark by the court concerning the similarities of the two theories, we think the charge, when considered as a whole, furnished ample basis for the asserted inconsistent findings by the jury. On this point defendant cites Barnett v. Love, 4 Cir., 294 F.2d 585, and Devine v. Patteson, 6 Cir., 242 F.2d 828, neither of which is in point.

In any event, it has often been held in criminal cases that a jury is not required to be logical and consistent in reaching a verdict. United States v. Dotterweich, 320 U.S. 277, 279, 64 S.Ct. 134, 135, 88 L. Ed. 48; Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356. In Dotterweich, the court stated, "Whether the jury's verdict was the result of carelessness or compromise * * * is immaterial." While the rule has been more often applied in criminal cases, we discern no logical basis for not giving it effect in civil cases. See Stephenson v. Steinhauer, 8 Cir., 188 F.2d 432, 436; Curto v. International Longshoremen's & Warehousemen's Union, D.C., 107 F.Supp. 805, 809; Gordon v. Parker, D.C., 83 F.Supp. 43.

Defendant's contention relative to the alleged inconsistency of the jury verdict is rejected.

■ Lastly, defendant contends that the court committed prejudicial error in its refusal to instruct the jury, "The defendant in this case is not an insurer or liable against any and all accidents and injuries that arise or occur by reason of the use of any lawn mowers sold by the defendant. Nor is there any duty upon the defendant to produce or sell a lawn mower that is 'accident proof.'" Defendant placed no reliance upon this alleged error in any post-trial motion entered in the lower court. Assuming, which we doubt, that the question is properly raised here, a reading of the court's charge demonstrates that the jury was adequately instructed as to defendant's duty and responsibility. The jury was specifically instructed, "The manufacturer of a machine is under no duty to design or produce a machine that is accident proof or fool proof, nor is he under any duty to guard against an injury from an obvious peril, or from a source manifestly dangerous." At any rate, the refusal to give the instruction constituted no more than harmless error.

The judgment appealed from is

Affirmed.