**John J. WYANT, Plaintiff–Appellee,**

v.

**J. I. CASE COMPANY, INC., a corporation, Defendant–Appellant.**

**No. 80–1553.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 18, 1980.

Decided Oct. 29, 1980.

---

Howard Boman, East St. Louis, Ill., for defendant–appellant.

William D. Hanagan, Mount Vernon, Ill., for plaintiff–appellee.

Before PELL, BAUER and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

This is an appeal from a judgment in a diversity action instituted by plaintiff–appellee for personal injuries sustained while operating the Case 450 tractor–crawler. A jury verdict determined that under Illinois products liability law, the tractor was unreasonably dangerous by reason of a design defect, the lack of a parking gear, and that this defect was the proximate cause of plaintiff's injuries. On appeal, the defendant–appellant contends that the evidence offered by plaintiff, the testimony of two expert witnesses, was insufficient to justify submission of these issues to the jury so that as a matter of law judgment should have been entered for defendants. We hold that there was substantial basis for the jury verdict and affirm the judgment of the district court.

The Case 450 was a continuous tread tractor used for moving earth. Levers for each track controlled direction with positions for forward, neutral and reverse. There was no parking gear. In order to start the machine, both these levers had to be placed in the neutral position. During operation, direct movement between the forward and reverse gears was possible. The tractor was equipped with hydraulic brakes operable by either foot or hand controls.

At the time of the accident, plaintiff, employed by Doty Heating and Plumbing Company as a machinery operator, was instructed to "dress up" the area around an excavation. Using the Case 450, plaintiff backed part way down the slope so as to push earth upward. He then shifted into forward, but the engine died and the machine began to roll downhill. Plaintiff tried to slow the machine by dropping the blade, but it did not hold. He attempted to start it, shifting both gears into neutral and rotating the starter, but the engine did not engage. Application of the foot brake pedals did not help since they were not in working order. The tractor kept rolling backward until it hit the bottom of the ravine and the plaintiff was thrown off.

In the district court, after hearing testimony of experts on both sides of the issues of liability under Illinois law, the jury returned a verdict for the plaintiff. Defendant–appellant apparently asserts error in the denial of a motion for directed verdict, claiming in its brief that "[s]uch testimony is simply not enough to take this case out of the area of question of law and make it one for a jury," as well as in the sufficiency of the factual basis for the verdict. There is no error alleged in the admission of evidence or the instructions to the jury.

The governing rules for determining whether the evidence justifies submission to the jury are well established. "[W]e must look to all the evidence in the record, together with all reasonable inferences to be drawn therefrom. Where such evidence and inferences, when viewed in the light most favorable to the party opposing the motion for a directed verdict, are such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions, such motion should be denied." *Woods v. Geifman Food Stores, Inc.*, 311 F.2d 711, 713 (7th Cir. 1963); *see also Valdes v. Karroll's, Inc.*, 277 F.2d 637, 638 (7th Cir. 1960).

■ Once properly submitted, the determination of the jury will not be lightly set aside. "The authority of an appellate court, when reviewing the findings of a judge as well as those of a jury, is circumscribed by the deference it must give to decisions of the trier of fact, who is usually in a superior position to appraise and weigh the evidence." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129 (1969). So long as there is reasonable basis in the record for the verdict, the evidence will not be reweighed. *Musgrave v. Union Carbide Corp.*, 493 F.2d 224, 229 (7th Cir. 1974); *Ilnicki v. Montgomery Ward Co.*, 371 F.2d 195 (7th Cir. 1966).

■ The Illinois law of products liability as set forth in *Suvada v. White Motor Co.*, 32 Ill.2d 612, 210 N.E.2d 182 (1965), requires plaintiffs to "prove that their injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control." *Id.* at 623, 210 N.E.2d at 188.[1]

■ The dangerous condition may be a result of a defect in design as well as one of manufacture. *Kerns v. Engelke*, 390 N.E.2d 859, 862 (Ill.1979). The test is whether the "product in question has lived up to the required standard of safety." *Wright v. Massey–Harris, Inc.*, 68 Ill.App.2d 70, 79, 215 N.E.2d 465, 470 (1966). Proof of the availability of an alternative design

---

1. Negligence in the maintenance or operation of the machine is not at issue in a products case under Illinois law. *Williams v. Brown Manufacturing Co.*, 45 Ill.2d 418, 261 N.E.2d 305 (1970).

which is practical, economical and effective in preventing the injury in question may be used to establish the dangerousness of the condition. *Lolie v. Ohio Brass Co.*, 502 F.2d 741, 744 (7th Cir. 1974); *Kerns v. Engelke*, 76 Ill.2d 154, 161, 28 Ill.Dec. 500, 504, 390 N.E.2d 859, 863 (Ill.1979). The feasibility of alternative designs may be proven through opinion testimony of expert witnesses. *Id.*

In *Anderson v. Hyster Co.*, the Supreme Court of Illinois considered the appropriateness of the submission to the jury conflicting expert testimony on the issue of design defect. Since there was testimony to reasonably support the findings of the jury, the court held that the question was one of fact for the jury. 74 Ill.2d 364 at 368–69, 24 Ill.Dec. 549 at 551–52, 385 N.E.2d 690 at 692–93 (1979).

On the issue of design defect, the evidence submitted by the plaintiff consisted of depositions of two experts, Virgil J. Flanagan, a professor of mechanical engineering at the University of Missouri, and Carl J. Dahn, a consulting engineer specializing in safety analysis. Both testified to the opinion that the lack of a parking gear made the Case 450 tractor unreasonably dangerous under the circumstances of this case. A description of the starting procedure by Flanagan showed that the two levers would have to be placed in the neutral position. Dahn stated that there were "[t]oo many controls to be trying to keep track of during that starting sequence."

From this testimony, the jury could have reasonably believed that under the circumstances as they existed–the brakes inoperative and the engine dead [2]–it was unreasonably dangerous not to provide a parking gear from which the machine could have been re–started. The fact that defendant's expert, Bernard Ross, controverted the testimony of Flanagan and Dahn, testifying that no other similar tractor is equipped with a parking gear and that no standards required one is inapposite. The jury was free to accept the opinion of plaintiff's experts and to conclude that inclusion of a parking gear was a practical and effective alternative design, the lack of which was the proximate cause of plaintiff's injuries.

The judgment is affirmed.

PELL, Circuit Judge, dissenting.

While the existence of proximate cause in a strict liability case is ordinarily a question of fact for determination by the trier of fact, here it appears to me that there was a complete absence of proximate causation and that the court properly should have directed a verdict for the defendant. Accordingly, I respectfully dissent.

The facts are simple and basically are not in dispute. Wyant, an experienced operator, was driving the crawler on an incline without having ever tested the brakes which turned out to be not operative through no fault of Case. Wyant was backing down the incline and had reached a point where he was to go forward up the incline. He shifted gears out of the reverse position and the motor died, again through no fault of Case. He applied the brakes which did not function. The crawler continued to descend. The crux of this lawsuit is that the failure of Case to include a parking gear proximately caused the crawler to continue downhill.

Even if experts thought crawlers of this type should have had a parking gear, although no other manufacturer of such equipment had ever included such a gear, the purpose of the gear would have been that of holding the equipment in a stopped position, not for braking to a stop a heavy, cumbersome moving crawler. A parking gear, whatever its practical purpose might have been, would not have been designed for braking any more than it is for a much less heavy automobile.

The majority decision, in effect, makes the manufacturer an insurer against any injury occurring to an operator. I do not understand this to be the law of Illinois.

---

2. The issue of the foreseeability of the existence of these conditions in the ordinary use of the tractor was resolved in favor of the plaintiff at trial and is not before us on appeal.