Donald Lee STONE, Jr. and Levonne Stone, Plaintiffs-Appellees,

v.

CITY OF CHICAGO, a municipal corporation, Officer Maloney, Officer Lazzaro, Officer Jacobs, Officer Haymaker and Sergeant Schacter, Defendants-Appellants.

No. 83–1340.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 4, 1984.

Decided July 20, 1984.

Maureen Kelly Ivory, Asst. Corp. Counsel, Chicago, Ill., for defendants-appellants.

R. Stephens Morrison, Schneider & Morrison, Chicago, Ill., for plaintiffs-appellees.

Before CUMMINGS, Chief Judge, and PELL and CUDAHY, Circuit Judges.

PELL, Circuit Judge.

This is an appeal from the judgment entered in the district court pursuant to jury verdicts returned against individual defendants in a civil rights case. Defendants-appellants raise only two issues on appeal. They contend that the verdicts are inconsistent and that the district judge erred when he placed on them the burden of proof with respect to one of their defenses at trial. For the reasons given below, we affirm.

## I. Facts

The facts in this case were largely disputed at trial, but we believe the following to be a fair account. In the early morning hours of October 21, 1979, Donald Stone, a twenty-two year old black male, traveled by bicycle toward the intersection of two Chicago streets. Donald Stone fell from his bicycle, according to his account because a patrol car, occupied by Chicago municipal police officers Jacobs and Haymaker, turned at the intersection without stopping and struck the bicycle. In the version recounted by the officers, Stone was riding his bicycle with one hand, panicked when he saw the patrol car, dropped his bicycle, and abandoned it next to the car. According to Stone, following the accident the officers pushed Stone to the curb, uttered racial slurs, returned to their car, and left the accident scene. At trial, the officers denied both having pushed Stone or having insulted him. It was agreed at trial that shortly after the alleged accident, officers in an unmarked police car spotted Stone and that Stone informed them that he required an ambulance. Two marked police cars then arrived, followed by yet another patrol car, the one involved in the alleged accident.

At this point, all the policemen who subsequently became defendants in this case, Sergeant Schacter and Officers Jacobs, Haymaker, Maloney, and Lazzaro, were assembled at the intersection and huddled together conversing. Schacter apparently approached Stone and accused him of feigning injury. All were then distracted by the arrival of Mrs. Stone, who was in a highly excited state. Mrs. Stone claimed at trial that the officers struck her, but they contended that they subdued her, using only reasonable force, because she angrily pushed several of them. Stone then rose to help his wife and allegedly struck Officer Lazzaro. At this point one of the officers pushed Stone to the ground. The officers then handcuffed the Stones, placed them in separate patrol cars, and drove them to a nearby hospital. The officers testified that they failed to take the names of any witnesses to the incident because an angry mob had assembled and had begun throwing rocks and bottles at them. Sergeant Schacter and Officer Lazzaro, however, omitted references to the throwing of rocks or bottles in the statements they later submitted to the Office of Police Standards. Stone testified that when the patrol car arrived at the hospital, the officers pulled him by his feet from the car in such a way that his head struck the pavement first. The officers then reportedly kicked and beat him. At trial, the officers denied having mishandled, kicked, or beaten Stone. It was uncontested that Stone did receive emergency room treatment for a head laceration.

Following hospital treatment for the Stones, the policemen took the Stones to a police station, where Officer Haymaker, without the assistance of Officer Jacobs, prepared a case report which read in pertinent part:

Bicycle rider, No. 1, eastbound in Howard Street in the westbound lane, disregarded red light and, while carrying a pizza in one hand and a bottle of soda in the other hand, tried to avoid hitting another auto westbound by sliding his bicycle on the ground without striking any auto or object. Victim uncooperative in investigation. No damage to bicycle.

The report omitted all reference to the involvement of the Haymaker and Jacobs patrol car in the incident. Sergeant Schacter approved the report. He also failed to report the Stones' allegation of a hit-and-run accident to the "Major Accident Investigation Section," the police unit respon-

sible for investigating incidents of that nature.

The Stones subsequently brought a civil suit in federal court pursuant to 42 U.S.C. §§ 1983, 1985. Four counts are pertinent to this appeal. Count I, a pendent claim, alleged that Officers Haymaker and Jacobs negligently struck Stone while driving their assigned patrol car on the morning of October 21, 1979. Count II, a Section 1983 claim, alleged that Sergeant Schacter and all four officers deprived the Stones of rights secured by the Constitution by using excessive force when they effected the arrests of the Stones. Count III, also a Section 1983 claim, alleged that the Stones suffered constitutional deprivations when the defendants arrested them without probable cause. Count IV, a Section 1985 claim, alleged that all five policemen conspired to hinder the due course of justice by engaging in a cover-up of the events of October 21, 1979.

The jury returned verdicts for the plaintiffs on two counts and for the defendants on the remaining two counts. On Count I, the jury found in favor of Officers Haymaker and Jacobs. On Count II, the jury found that Officers Maloney, Lazzaro, and Haymaker used excessive force against Stone and further found that Sergeant Schacter and Officer Jacobs used excessive force against Mrs. Stone. With respect to Count III, the jury returned a verdict in favor of all five policemen. Finally, on Count IV, the jury found against Sergeant Schacter and Officers Maloney, Lazzaro, and Haymaker. The jury assessed the sum of $4,400 in actual damages and $6,500 in punitive damages against the defendants on the excessive force count and $3,000 as well as $11,000 punitive damages against the four policemen on the conspiracy count. All five policemen moved unsuccessfully for a judgment notwithstanding the verdict and for a new trial. The policemen contended that the jury verdict in favor of Officers Haymaker and Jacobs on Count I was inconsistent with the verdict in favor of the plaintiffs on Count IV. They also argued that the court erred when it instructed the jury on Count II by placing on

the defendants the burden of proving they applied only reasonable force. The defendants now appeal from the judgment entered in the district court pursuant to the jury verdicts.

## II. Discussion

### A. Inconsistent Verdicts

Appellants contend that the jury's verdicts on Count I and Count IV are locked in irreconcilable conflict and that the district court therefore abused its discretion when it failed to order a new trial. The essence of appellants' argument is that once the jury found for Officers Haymaker and Jacobs on the negligence count, it could not logically find that the policemen tried to cover up the involvement of a police car in the accident alleged by Donald Stone.

■ We recognize that when jury verdicts are logically incompatible, thereby indicating that the jury was confused or abused its power, the district court errs when it fails to order a new trial. *See Hopkins v. Coen*, 431 F.2d 1055, 1059 (6th Cir.1970); 6A J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 59.08[4] (2d ed. 1983). We are unpersuaded, however, that the jury verdicts in this case are logically incompatible. In our opinion, it is entirely plausible that when the jury found for the defendants on Count I, it simply determined that Officers Haymaker and Jacobs did not deviate from the applicable standard of care. The jury did not necessarily determine that the episode involving the patrol car of Haymaker and Jacobs never occurred. Thus, a finding for defendants on Count I is compatible with a determination that the defendants conspired to hinder the due course of justice by covering up Haymaker's and Jacobs' involvement in the accident alleged by Stone.

Moreover, even if the verdict for the defendants on Count I were irreconcilable with a finding that the defendants covered up Haymaker's and Jacobs' involvement in the accident, the jury still could have logically found for the plaintiffs on Count IV.

Count IV alleged a conspiracy to hinder the due course of justice by "engaging in a cover-up of the events of October 21, 1979." Accordingly, the jury could have found for the plaintiffs on Count IV if it determined that the defendants covered up their use of excessive force. The presence or absence of negligence on the part of Officers Haymaker and Jacobs could have had little logical bearing on the cover-up of excessive force.[1]

■ Indirectly, appellants raise the issue whether the jury heard sufficient evidence at trial to support its verdict for the plaintiffs on Count IV. We note that it is uniquely the function of the jury to sift through conflicting evidence, and on appellate review this court will not reweigh evidence as long as there is a reasonable basis on record to support the jury's verdict. *See Wyant v. J.I. Case Co.*, 633 F.2d 1254, 1256 (7th Cir.1980); *Musgrave v. Union Carbide Corp.*, 493 F.2d 224, 229 (7th Cir. 1974). After reviewing the record, we believe there is an ample basis for the jury to return a verdict for the plaintiffs on Count IV either on the theory that the defendants conspired to hinder the due course of justice by engaging in a coverup of the involvement of Haymaker and Jacobs in the accident or on the theory that they so conspired by engaging in a cover-up of the use of excessive force. The record reveals, for example, that the jury heard evidence regarding the following: the defendants were huddled together at the intersection conversing; several of the defendants made racial slurs against the plaintiffs; the official police reports omitted reference to the Haymaker and Jacobs police car; the defendants failed to report hit-and-run allegations to the "Major Accident Investigation Section"; and finally, none of the defendants took the names of witnesses who might have seen the defendants apply excessive force.

Defendants also contend that the jury's finding against Sergeant Schacter and Officers Maloney, Lazzaro, and Haymaker, but not against Officer Jacobs on Count IV is an inherently inconsistent verdict. Again, we believe there are any number of logical and plausible explanations for the verdict. The jury might have found Officer Jacobs' testimony more credible than that of the others. Alternatively, the jury might have attached significance to the fact that Officer Haymaker, but not his partner Officer Jacobs prepared the report which the plaintiffs used as probative evidence of a cover-up.

We thus fail to apprehend the irreconcilable conflicts which appellants claim to have uncovered. There are logical and plausible explanations for the jury's verdicts on Count I and Count IV, and we accordingly find that the district court did not abuse its discretion when it denied defendants' motion for a new trial.

### B. Burden of Proof Instruction

■ When the district judge instructed the jury on Count II, the excessive force claim, he stated, "In order to prevail on Count II under 42 United States Code Section 1983, the plaintiffs must prove *by a preponderance of the evidence* the following: (1) that the individual defendants *used excessive force* in effectuating the arrests of the plaintiffs ...." [Emphasis added.] At an earlier point in his charge to the jury, however, the district judge also gave the following introductory instruction, labeled Instruction 18:

> The burden is on the plaintiffs in a civil action such as this to prove every essential element of a claim made by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claim or claims by a preponderance of the evi-

---

1. We note that in criminal cases, we have sometimes explained acquittal on some counts and conviction on others by ascribing to the jury a desire to exercise lenity. *See, e.g., United States v. Reicin,* 497 F.2d 563 (7th Cir.1974). We do not rely on this explanation in the instant civil case.

dence in the case, the jury should find for the defendant or defendants.

The defendants have raised in this case certain defenses. As regards these particular defenses—and I will tell you later in these instructions specifically about them—the burden is on the defendants to prove each element of the defenses by a preponderance of the evidence.

Prior to the judge's charging the jury, counsel for the defendants objected to Instruction 18, claiming the second paragraph of the instruction shifted to the defendants the burden of proving all defenses, including their denial of the use of excessive force. The judge overruled the objection for the reason that the second paragraph pertained only to affirmative defenses. Defendants now appeal from the judgment entered against them on Count II, claiming that the district judge should not have given Instruction 18 because it could have caused the jury to place on defendants the burden of proving they applied reasonable force.

We are unpersuaded that Instruction 18 was in conflict with the judge's specific instruction on Count II, which explicitly placed on the plaintiffs the burden of proving excessive force. By its very terms, the second paragraph of Instruction 18 applies only to "particular defenses," and not to all defenses. Moreover, when the district judge stated "and I will tell you later in these instructions specifically about them," he placed the jurors on notice that he would later signal to them when to actuate the second paragraph of Instruction 18. When the trial judge instructed the jury on Count III, the false arrest claim, he fulfilled his promise, stating, "The law allows the defendants in this case to assert certain defenses to the false arrest allegations of Count III. If you find that the defendant police officers have proven by a preponderance of the evidence that they had a good faith belief that there was probable cause ... you should find in favor of the defendant police officers." In contrast, when the judge instructed the jury on Count II, he made no similar indication that the police-

men's defenses fell among the "particular defenses" for which the defendants bore the burden of proof. Thus, the express wording of Instruction 18, combined with the trial judge's subsequent practice in instructing the jury, leads us to conclude that there was no conflict between Instruction 18 and the specific instruction on Count II. We accordingly decline to reverse the judgment against appellants.

### CONCLUSION

Having considered all the arguments urged by the parties to this appeal, we fail to find that the jury verdicts were inconsistent or that the trial judge erred when he instructed the jury. We therefore AFFIRM the judgment entered in the district court pursuant to the verdicts rendered by the jury.