758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Eddie Sherrill, Plaintiff-Appellant,
v.
Charles Eblen, Mayor; Bill Brown, Chief of Police; Donald
Watkins, City Policeman of Lenoir City, Tennessee,
Defendants-Appellees.
 No. 83-5952
 United States Court of Appeals, Sixth Circuit.
 2/20/85
 
 ORDER
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff requests counsel in his appeal from the judgment for defendants in this civil rights action. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the informal brief, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff initiated this action under 42 U.S.C. Sec. 1983 against Charles Eblen, Mayor, Bill Brown, Chief of Police and Donald Watkins, policeman of Lenoir City, Tennessee. The complaint alleges that plaintiff was falsely arrested; that excessive force was used during and after the arrest; and that plaintiff was denied medical care as a pretrial detainee. The parties consented to have a Magistrate conduct the proceedings pursuant to 28 U.S.C. Sec. 636(c) and the case was tried before a jury. The claims against defendants Eblen and Brown were dismissed at the close of the plaintiff's case in chief. The jury returned a verdict for defendant Watkins. Plaintiff filed a motion for a new trial which was denied by order dated December 12, 1983. On appeal, plaintiff contends that the verdict was not supported by the evidence, that defendants Eblen and Brown were improperly dismissed, and that his motion for new trial was erroneously denied.
 
 
 3
 Upon consideration, this Court concludes that the jury verdict is supported by substantial evidence. Although the evidence is conflicting and each witness was impeached to some degree, 'it is uniquely the function of the jury to sift through conflicting evidence' and on appeal this Court cannot reweigh the evidence as long as there is a reasonable basis for the verdict. See Stone v. City of Chicago, 738 F.2d 896, 900 (7th Cir. 1984). In the instant case, a review of the trial transcript indicates that there is sufficient evidence to support the jury's findings. First, testimony from the dispatcher, Officer Brown, and Officer Watkins indicates that there was a disturbance, Officer Watkins was called to the scene, and plaintiff was intoxicated. Thus, there was a basis for a finding that plaintiff's arrest for disorderly conduct was supported by probable cause. See Magayaner v. Terrance, et al., 739 F.2d 1131 (7th Cir. 1984). Second, there was testimony to support a finding that the force used in arresting plaintiff was not excessive. In addition, there was testimony to support a finding that Officer Watkins believed in good faith that his actions were reasonable. See Bledsoe v. Garcia, 742 F.2d 1237 (7th Cir. 1984); McKinney v. Galvin, 701 F.2d 584 (6th Cir. 1983). Finally, there is no evidence to support a finding of a deliberate indifference to plaintiff's medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, plaintiff's claim that there was insufficient evidence to support the jury verdict is unpersuasive.
 
 
 4
 Plaintiff's assertions that the district court improperly dismissed the claims against defendants Brown and Eblen and erroneously denied his motion for new trial must fail also. This Court held in Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570 (6th Cir. 1979) that liability may not be imposed, under 42 U.S.C. Sec. 1983, on the basis of respondeat superior. There must be a showing that the public official participated in, encouraged, or directed the activity. Id., at 580. In the instant case, there was no showing that defendants Brown or Eblen participated in, encouraged, or directed the events which are the basis of plaintiff's claims. Finally, the standard of review, on appeal, from a denial of a motion for a new trial is abuse of discretion. Thomas v. Nuss, 353 F.2d 257 (6th Cir. 1965). It is clear in this case, that the district court did not abuse its discretion in denying plaintiff's motion for a new trial.
 
 
 5
 Accordingly, it is ORDERED that the district court's judgment be, and is hereby, affirmed. Rule 9(d)(3), Rules of the Sixth Circuit. It is further ORDERED that the motion for appointment of counsel be, and is hereby, affirmed.