Jerome POLENZ and Donna Polenz, Plaintiffs,

v.

Thomas PARROTT and Russell F. Borland, Defendants.

No. 86–C–159.

United States District Court, E.D. Wisconsin.

Sept. 14, 1988.

Robert N. Meyeroff, Milwaukee, Wis., for plaintiffs.

Joseph D. McDevitt, Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

During the week of August 1, 1988, trial was held on the plaintiffs' claims that the defendants unlawfully denied them due process of law in violation of 42 U.S.C. § 1983. The jury returned a verdict in favor of the plaintiffs. The jury found that the defendants, an alderman and the electrical inspector of the City of Oak Creek, deprived the plaintiffs of their right to a fair hearing on their applications for a liquor license and that they further caused the plaintiffs arbitrarily and unreasonably to be denied occupancy permits. The jury awarded compensatory and punitive damages against both defendants.

The defendants have now filed motions after verdict seeking: (a) an order granting the motion for a directed verdict that had been taken under advisement; (b) a judgment notwithstanding the verdict; (c) an order striking the punitive damages awards; and, (d) a new trial on the grounds that the court committed error in giving a jury instruction and verdict question on conspiracy. In opposition, the plaintiffs have filed a motion for judgment on the verdicts. For reasons stated herein, the defendant's various motions will be denied and the plaintiffs' motion granted.

■ Motions for a directed verdict and a judgment notwithstanding the verdict are to be judged by the same legal standard:

We must determine whether the evidence justifies submission of the case to the jury. *Lambie v. Tibbits*, 7 Cir., 1959, 267 F.2d 902, 903. Such a motion should be denied "where the evidence, along with all inferences to be reasonably drawn therefrom, when viewed in the light most favorable to the party opposing such motion, is such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions." *Smith v. J.C. Penney Company*, 7 Cir., 1958, 261 F.2d 218, 219.

*Rakovich v. Wade*, 850 F.2d 1180, 1187 (7th Cir.1988) (en banc) (quoting *Valdes v. Karoll's Inc.*, 277 F.2d 637, 638 (7th Cir.1960)). In deciding whether the evidence is sufficient to satisfy this standard, the district court is not to weigh the evidence or judge the credibility of the witnesses nor substitute its own judgment of the facts for that of the jury. *Rakovich, supra,* at 1187–1188.

■ I conclude that there was credible evidence to support the jury's finding that the plaintiffs deprived the defendants of their right to a fair hearing on their applications for a liquor license and that they caused the plaintiffs to be arbitrarily and unreasonably denied occupancy permits. Similarly there was credible evidence to support the jury finding that the defendants took these actions in willful, wanton or reckless disregard of the plaintiff's rights. The defendants argue that because the plaintiffs received many hearings before the Common Council of the City of Oak Creek and the licensing committee of that body, and that because there was "substantial evidence" to show that the actions of the defendants were not arbitrary and capricious, that therefore this court should set aside the findings of the jury. However, while the jury did in fact receive considerable evidence that was beneficial to the defendants, they also received sufficient evidence which, if believed, would support the verdict.

■ Similarly, the defendants' objection to the jury instruction on conspiracy and the use of the word "conspiracy" on the special verdict form is without merit. In my opinion, there is ample evidence in the record such that reasonable persons "in a fair and impartial exercise of their judg-

ment may reach different conclusions" as to whether the defendants acted in conspiracy to accomplish their misdeeds. *Rakovich, supra,* at 1187.

A district court is not to substitute its judgment as to the credibility of witnesses or as to the weight of the evidence for the judgment of the jury. Accordingly, I will decline the invitation of the defendants to do so. The findings of fact of the jury will not be disturbed.

One basis of the defendants' motion is their claim of immunity. The court notes that, although the defendants did not expressly claim *absolute* immunity in their motion, local legislators are in fact entitled to absolute immunity for their legislative actions. *Reed v. Village of Shorewood,* 704 F.2d 943, 952 (7th Cir.1983). "Absolute immunity, however only applies to those legislators acting in their legislative capacity. Administrative or executive acts of legislators are not protected." *Rateree v. Rockett,* 852 F.2d 946, 950 (7th Cir.1988); *see also Kukla v. Village of Antioch,* 647 F.Supp. 799, 814 (N.D.Ill.1986). The court concludes that the actions of neither defendant were legislative, therefore, such an absolute immunity does not apply.

The defendants assert that they are entitled to qualified immunity from § 1983 liability under the standard of "objective reasonableness" for government officials performing discretionary acts. While the defendants correctly state the standard set forth in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), they fail to take into account that the jury, based on credible evidence, found that they had acted in willful, wanton, or reckless disregard of the plaintiff's rights. In *Rakovich, supra,* at 1202, n. 15, the court of appeals observed that a district court may use the jury's findings as to disputed facts as the factual predicates of an immunity analysis undertaken as a matter of law. It would be anomolous for this court to hold that the defendants are shielded from § 1983 liability because their conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known", *Harlow,* 457

U.S. at 818, 102 S.Ct. at 2738, yet at the same time hold that there was credible evidence to support a jury finding of punitive damages. "Consequently it would be illogical to extend good faith immunity to a government official who has intentionally violated an individual's constitutional rights." *Perry v. Larson,* 794 F.2d 279, 284 n. 1 (7th Cir.1986); *McMillan v. Svetanoff,* 793 F.2d 149, 155 n. 3 (7th Cir.1986).

Therefore, IT IS ORDERED that the defendants' motions after verdict be and hereby are denied.

IT IS ALSO ORDERED that the plaintiffs' motion for judgment on the verdict rendered by the jury on August 8, 1988 be and hereby is granted.